Owen McGivern, J.
Petitioner was employed by the respondent Board of Education from February 1, 1945 to July 1, 1959. From the commencement of such employment until December 7, 1950 he was employed as a stock assistant. From December 8, 1950 to December 31, 1955 his title was lunchroom helper, and effective January 1, 1956 until the purported termination of his *962 employment, he was senior school lunch helper. Claiming petitioner was disabled, but without according him a hearing, the Board of Education dismissed him effective July 1,1959. Challenging the power of the board to do so, petitioner has brought this proceeding under article 78 of the Civil Practice Act for an order directing Ms reinstatement.
Concededly, petitioner’s rights, if any, are governed by subdivision 4 of section 2573 of the Education Law, which, so far as presently material, reads as follows: “Clerks * * *, and all other administrative employees of a board of education, unless otherwise provided in this chapter, shall be appointed for a probationary period provided in the civil service law and regulations based thereon. The service of a person appointed to any of such positions may be discontinued by the board of education at any time during such probationary period. Such persons and all others employed in the administrative service of the board of education who have served the full probationary period shall hold their respective positions during good behavior and efficient and competent service, and shall not be removed except for cause after a hearing by the affirmative vote of a majority of the board.”
The instant problem arises by reason of the fact that no probationary period has been prescribed in the Civil Service Law or the regulations based thereunder for petitioner’s positions. Respondents point out that petitioner’s positions were in the noncompetitive class of the classified civil service, and that persons in that class have no right to a hearing before discharge, with certain exceptions not here applicable (Civil Service Law, § 75, subd. 1).
Petitioner does not deny that he was in the noncompetitive class, but contends that it was the duty of the board or the Civil Service Commission to establish a probationary period for him, that he has served more than any possible reasonable probationary period, and that he should not be penalized for the failure of public officials to do their duty.
The difficulty with respondents’ position is that they construe subdivision 4 of section 2573 as if it provided that the employees therein described had the rights of comparable persons under the Civil Service Law. That is not what the section says. It refers to the Civil Service Law and regulations thereunder merely to determine the probationary period. In all other respects the section is complete in itself and grants specific rights to the employees.
This court feels that petitioner’s contention that a probationary period should have been prescribed appears sound. *963 Section 9 of the Civil Service Law, in effect when petitioner was hired, and until April 1,1959, provided: ‘ ‘ The classified service shall comprise all positions not included in the unclassified service. All appointments or employments in the classified service shall be probationary and the civil service commission having jurisdiction shall, by rule, provide for the conditions and extent of probationary service.”
It is noteworthy that rule 24 (subd, 1, par. a) of the Rules for the Classified Service of the State Civil Service Commission, as revised and effective September 8, 1959, does prescribe a probationary term for positions in the noncompetitive class.
The problem is thus presented as to the rights of petitioner under subdivision 4 of section 2573 where there has been no probationary period prescribed. Respondents’ position is that under such circumstances petitioner has no right to a hearing-before discharge, which is the equivalent of saying that his probationary period is permanent. This, it would appear, is not consonant with the intent of the statute, which seeks to give the described employees certain definite rights.
The functions of a probationary period are to give the appointing officer an opportunity to ascertain the employee’s fitness and to give the employee an opportunity to demonstrate his ability (Matter of Going v. Kennedy, 5 A D 2d 173, 177-178 [1st Dept., 1958], affd. 5 N Y 2d 900 [1959]). Fourteen years are manifestly more than a reasonable time for the fulfillment of such functions.
This court, therefore, holds that petitioner, having served for over 14 years, has served a full probationary period and can be discharged only for cause after a hearing.
Whether petitioner is in fact disabled is not before the court. That issue must first be decided by the board after a hearing as prescribed by subdivision 4 of section 2573. No such hearing having been held, the termination of his employment was invalid.
The petition is granted. Settle order.