■ In the Matter of SAM J. AVALON, Respondent, v. HARVEY K. ALLEN, as Director of the Bureau of School Lunches of the Board of Education of the City of New York, et al., Appellants.— Final order entered January 18, 1960, granting petitioner's application for reinstatement to his position of senior school lunch helper effective as of July 1, 1959, unanimously reversed, on the law and on the facts, and the petition dismissed, without costs. Petitioner's position as senior school lunch helper was in the noncompetitive class of the civil service. He was discharged, without a hearing, presumably because the director of the Board of Education's Medical Division found petitioner had certain medical ailments which rendered him a potential hazard in his employment and made him physically unfit to perform the duties of his position. Special Term sustained petitioner's contention that he was entitled to a hearing pursuant to subdivision 4 of section 2573 of the Education Law. That section provides that certain designated employees of a Board of Education shall be appointed for a probationary period and that the service of a person appointed to any such position may be discontinued by the board at any time during such probationary period; but all persons who have served the full probationary period shall hold their respective positions during good behavior and efficient competent service, and shall not be removed except for cause after a hearing. However, petitioner's position of senior school lunch helper is not one of the positions enumerated in subdivision 4 of section 2573 of the Education Law, and no probationary period was ever prescribed for such position. Subdivision 4 of section 2573 does not grant tenure generally to all noncompetitive administrative positions in the Board of Education. Moreover, subdivision 1 of section 63 of the Civil Service Law (L. 1958, ch. 790, eff. April 1, 1959), which was a codification of the practices and usages that existed under former section 9 of the Civil Service Law, mandated a probationary term for every original appointment to a position in the competitive class but gave to State and Municipal Civil Service Commissions the power to provide, by rule, for probationary service upon appointment to positions in the exempt, noncompetitive or labor classes. Subdivision 2 authorizes the State and Municipal Civil Service Commissions to provide by rule for the conditions and extent of probationary service. Although the State Civil Service Commission exercised the power thus given, and provided for a probationary term for positions in the noncompetitive class (rule 24, subd. 1, par. a), the City Civil Service Commission of the City of New York, adopted rules (approved by the State Civil Service Commission) which continued the practice and usage in the City of New York of providing for a probationary term in the competitive or labor class and every interdepartmental position (rule 5.2.1). Reliance by Special Term upon rule 24 (subd. 1, par. a) of the State Civil Service Commission was misplaced since it would apply only to the State civil service and would not be germane to the civil service of the City of New York. Hence, since no probationary period is required in connection with a noncompetitive position in the New York City civil service unless it be prescribed by the Rules of the City Civil Service Commission, none was required for petitioner's noncompetitive position, and subdivision 4 of section

2573 of the Education Law is inapplicable to petitioner. Finally, the conclusion reached herein conforms with the practical construction given to the statute by the Board of Education and the City Civil Service Commission for the past 37 years since its enactment in 1923. An unchallenged uniform and continuous practice of not requiring any probationary period for persons appointed in the noncompetitive class for such a long period involving a great many employees constitutes a practical construction of the statute which is entitled to great weight in determining its application. Consequently petitioner's discharge without a hearing was not illegal, and in view of the reliance by the Board of Education upon the findings of its medical director, there was nothing arbitrary in the dismissal. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ. [22 Misc 2d 961.]